UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAIKH ABDUL SHAKUR, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 05-1091 (APM) |
| : | |
| THE UNITED STATES, *et al.*, : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding *pro se*, brought this action alleging that Defendants violated his constitutional rights by evicting him from his residence and terminating his Social Security benefits. The named defendants are the Social Security Administration, the Department of Housing and Urban Development, the United States Department of Justice (collectively "Federal Defendants"), and the McKing Consulting Corporation ("McKing"). On June 2, 2006, the court granted Federal Defendants' Motion to Dismiss. ECF No. 36. On May 22, 2007, the court granted as conceded McKing's Motion for Summary Judgment or, in the Alternative, Motion to Dismiss, because plaintiff did not file a timely opposition. ECF No. 61. The Clerk of Court terminated the case on August 31, 2007.

The undersigned was randomly assigned this case more than nine years later on May 4, 2016. Upon review of the docket, it appears that two motions remain unresolved: Plaintiff's "A Combined Motion for Relief, to Compel, and for Temporary Restraining Order Pending Final Judgment and/or Appellate Review" filed on October 31, 2007, ECF No. 62, and "A Combined Motion for Relief, to Compel, and for Temporary Restraining Order Pending Final Judgment and/or Appellate Review" filed on November 28, 2007, ECF No. 66. The court's apology for the extraordinary delay in addressing these motions is wholly inadequate. But it turns to them now.

The court construes Plaintiff's motions as if they were filed under Federal Rule of Civil Procedure 60(b), which may provide a party relief from a final judgment for one of five specific grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), none of which apply in this case, or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6) should be granted only if the moving party demonstrates "'extraordinary circumstances' justifying the reopening of a final judgment."  *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)); *see Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (noting that "this form of relief should only be sparingly used").  Based on the court's review, Plaintiff does not meet, and has not attempted to meet, this high standard.  After receiving notice of McKing's dispositive motion, Plaintiff failed to respond to it, *see* ECF No. 61, and moved for reconsideration over four months later, without offering any reason for the missed deadline or why it took him so long to seek reconsideration.  Plaintiff also did not address any of the legal arguments set forth in Defendants' dispositive motion.  Because Plaintiff failed to demonstrate extraordinary circumstances warranting relief under Rule 60(b)(6), Plaintiff's motions, ECF Nos. 62 and 66, are denied.

The court, however, modifies its Order, ECF No. 61, in one respect.  That Order dismissed Plaintiff's complaint *with* prejudice.  The Order is amended to dismiss Plaintiff's complaint *without* prejudice.  *See Cohen v. Bd. of Trustees of the Univ. of District of Columbia*, -- F.3d --, No. 15-7005, 2016 WL 1612810, at *6 (D.C. Cir. April 22, 2016) (holding that district court abused its discretion in dismissing complaint with prejudice after treating the defendant's dispositive motion as conceded for timely failure to respond).

DATE: May 10, 2016                                                  /s/
                                                                                   AMIT P. MEHTA
                                                                                   United States District Judge